# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS RAMIREZ GUILLEN,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW C. KRAMER,<br><br>    Defendant.<br>_____/ | CASE NO. 1:03-cv-6004-LJO-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 24)<br><br>PLAINTIFF MUST FILE AMENDED COMPLAINT BY AUGUST 25, 2011 |

Plaintiff Tomas Ramirez Guillen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 28, 2011, the Magistrate Judge in this matter issued a Screening Order dismissing Plaintiff's First Amended Complaint for failure to state a claim upon which relief could be granted. (Order, ECF No. 22.) On April 25, 2011, Plaintiff filed his Objections to the Magistrate Judge's Screening Order. (Objections, ECF No. 23.) The District Judge in this matter adopted the Screening Order on May 18, 2011, and ordered Plaintiff to file a Second Amended Complaint by June 21, 2011. (Order, ECF No. 24.) This deadline has passed, and to date Plaintiff has not filed a Second Amended Complaint or a request for an extension.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent

power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

More than thirty days have passed and Plaintiff has not responded to the Court's May 18, 2011 Order. Accordingly, Plaintiff shall file an amended complaint by **August 25, 2011**. Plaintiff is hereby on notice that failure to meet this deadline will result in dismissal of this action for failure to prosecute.

IT IS SO ORDERED.

Dated:   July 22, 2011                      /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE